UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                                 Plaintiff,<br>     -against-<br><br>NATIONAL OCEANIC AND ATMOSPHERIC<br>ADMINISTRATION,<br>1401 Constitution Avenue NW, Room 5128<br>Washington, DC 20230<br><br>                                 Defendant. | Civil Action No. 1:25-cv-985 |

**COMPLAINT**

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendant National Oceanic and Atmospheric Administration ("**NOAA**" or "**Defendant**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefore, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

**PARTIES**

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

1

4. Defendant NOAA is an agency within the Executive Branch of the United States Government, organized within the Department of Commerce. NOAA is an agency within the meaning of 5 U.S.C. § 552(f). NOAA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 6, 2023, Plaintiff sent a FOIA request to NOAA seeking copies of the following records:

> All emails including attachments, sent or received by Karen Rosenlof and/or David Fahey from January 1, 2010 through the date of the search which include Rob Wood, David Keith, Alan Robock, William Brennan, Ken Caldiera, and/or Frank Keutsch, and/or their email address(es), in the to, from, cc, and/or bcc lines.

(**Exhibit 1**.)

6. Defendant NOAA acknowledged Plaintiff's FOIA request on July 5, 2023, and the request was assigned FOIA Request #2023-010132. (**Exhibit 2**.)

7. On July 12, 2023, pursuant to NOAA's request, Plaintiff agreed to modify the request to a seven-year time frame from January 1, 2016, to June 22, 2023. (**Exhibit 3**.)

8. NOAA provided two separate responses to Plaintiff's FOIA request. On December 18, 2023, NOAA sent Plaintiff a final determination letter for its first interim response ("**First Interim Response**"), which stated in relevant part:

> We have located **42** records responsive to your request. **11** of these records are being released to you in their entirety.
>
> We are also releasing **29** records responsive to your request that contain redactions under exemption 6 of 5 U.S.C. 552 (b)(6) which prohibits disclosure of records related solely to information that, if disclosed, would invade another individual's personal privacy and **2** with additional redactions under Exemption 4 of 5 U.S.C. 552 (b)(4) which is information concerning business trade secrets or other confidential commercial or financial information.

> We are continuing to process your request. Please let us know if you consider the interim response(s) provided to you satisfactory to complete your request.
>
> If the interim response does not satisfy your request, please let us know how we may narrow the scope of your request so to [*sic*] more efficiently process the remaining records.
>
> You have the right to file an administrative appeal if you are not satisfied with our response to your FOIA request.

(**Exhibit 4**.)

9. Plaintiff submitted its appeal to NOAA's First Interim Response on March 15, 2024 ("**First Appeal**"), challenging NOAA's improper withholding of records under FOIA Exemptions 4 and 6. (**Exhibit 5**.)

10. On April 25, 2024, NOAA sent Plaintiff its final determination letter for its second response ("**Second Final Response**") and release of records, which stated in relevant part:

> We have located **125** records responsive to your request. There are **20** of these records being released to you in their entirety.
>
> We are also releasing **100** records responsive to your request that contain redactions under the U.S.C. 552 (b)(6) which prohibits disclosure of records related solely to information that, if disclosed, would invade another individual's personal privacy. There is **one** record being withheld in full under 5 U.S.C. 552 (b)(4) which is information concerning business trade secrets or other confidential commercial or financial information, and **four** records are withheld in full under 5 U.S.C. 552 (b)(5) which is information concerning communications within or between agencies and are protected by legal privileges. Your request is now considered complete.

(**Exhibit 6**.)

11. Plaintiff submitted its appeal to NOAA's Second Final Response on July 24, 2024 ("**Second Appeal**"), challenging the adequacy of NOAA's search for records. (**Exhibit 7**.)

12. On November 1, 2024, the First Appeal was assigned NOAA Appeal request #DOC-InfoLaw-2025-000012. (**Exhibit 8**.)

13. Also on November 1, 2024, the Second Appeal was assigned NOAA Appeal request #DOC-InfoLaw-2025-000013. (**Exhibit 9**.) As of the date of this Complaint, Defendant has failed to notify Plaintiff of the determination of its appeals or produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure pursuant to § 552(b).

**COUNT I**
**FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

14. Plaintiff realleges the previous paragraphs as if fully stated herein.

15. Defendant is in violation of FOIA.

16. 5 U.S.C. § 552(a)(6)(A)(ii)/(i) requires Defendant to make a final determination on Plaintiff's appeals no later than twenty (20) business days from acknowledgement of each appeal. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, under § 552(6)(C)(i) Plaintiff is deemed to have exhausted its administrative appeal remedies.

17. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

18. Plaintiff has no adequate remedy at law.

**COUNT II**
**FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

19. Plaintiff realleges the previous paragraphs as if fully stated herein.

20. Defendant NOAA is in violation of FOIA.

21. Despite Plaintiff's request for an estimated date on which the agency would complete its action on the request, the agency never provided one.

## COUNT III
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

22. Plaintiff realleges the previous paragraphs as if fully stated herein.

23. Defendant NOAA has failed to establish that it adequately applied an exemption to or adequately withheld any responsive records.

24. Defendant NOAA is in violation of FOIA.

## COUNT IV
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

25. Plaintiff realleges the previous paragraphs as if fully stated herein.

26. For the Second Appeal, Defendant has failed to establish that it adequately searched for responsive records, as required by 5 U.S.C. § 552 (a)(3)(C) and (D), and despite Plaintiff's challenge to same in Plaintiff's appeal.

27. Defendant is in violation of FOIA.

## COUNT V
## IMPROPER REDACTIONS AND/OR WITHOLDING OF RECORDS
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

28. Plaintiff realleges the previous paragraphs as if fully stated herein.

29. For the First Appeal, Defendant has failed to establish the validity of its claimed exemptions despite Plaintiff's challenge to same in Plaintiff's appeal.

30. Defendant is in violation of FOIA.

## COUNT VI
## ENTITLEMENT TO WAIVER OF SEARCH AND DUPLICATION FEES

31. Plaintiff realleges the previous paragraphs as if fully stated herein.

32. Defendant is in violation of FOIA.

33. Plaintiff sought a waiver of search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

34. Plaintiff is further entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) because Defendant failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action pursuant to 552(a)(6)C)(i) until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 2, 2025                            SIRI & GLIMSTAD LLP

                                                                                    */s/Catherine Ybarra*
                                                                                    Catherine Ybarra, Esq.
DC Bar No. CA00203
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Tel: (240) 732-6737
cybarra@sirillp.com

Helena Dollanarte, Esq.
DC Bar No. VA189
745 Fifth Ave
Suite 500
New York, New York 10151
Tel: (240) 732-6737
hdollanarte@sirillp.com